**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CORBY KUCIEMBA; ROBERT KUCIEMBA,

*Plaintiffs-Appellants*,

v.

VICTORY WOODWORKS, INC., a Nevada Corporation,

*Defendant-Appellee*.

No.21-15963

D.C. No.
3:20-cv-09355-MMC

OPINION

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted March 10, 2022
Submission Withdrawn April 21, 2022
Resubmitted July 18, 2023
San Francisco, California

Filed July 25, 2023

Before:  J. Clifford Wallace, Sidney R. Thomas, and M.
Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## California Law/COVID-19/Negligence

The panel affirmed the district court's dismissal of a diversity action brought by Robert Kuciemba and his wife Corby Kuciemba against Mr. Kuciemba's employer Victory Woodworks, alleging that Mrs. Kuciemba contracted a severe case of COVID-19 from Mr. Kuciemba as a result of Victory's negligent failure to protect its employees from the virus.

The panel certified two questions to the Supreme Court of California, which accepted certification and held that (1) California's derivative injury doctrine—under which workers' compensation benefits generally provide the exclusive remedy for third party claims if the asserted claims are collateral to or derivative of the employee's workplace injury—did not bar Mrs. Kuciemba's tort claims against Victory; but (2) an employer does not owe a duty of care under California law to prevent the spread of COVID-19 to employees' household members. Because Victory owed no duty of care to Mrs. Kuciemba, the panel affirmed the district court's order dismissing the complaint.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Martin Zurada (argued), Mark L. Venardi, and Mark T. Freeman, Venardi Zurada LLP, Walnut Creek, California, for Plaintiffs-Appellants.

William A. Bogdan (argued), Hinshaw & Culbertson LLP, San Francisco, California, for Defendant-Appellee.

## OPINION

McKEOWN, Circuit Judge:

This case is one of many arising out of the COVID-19 pandemic. Corby Kuciemba was hospitalized with a severe case of COVID-19 in the summer of 2020. She and her husband, Robert Kuciemba, claim Mr. Kuciemba was exposed to the virus while working for Victory Woodworks and that he sickened Mrs. Kuciemba in their home. The Kuciembas sued Victory, alleging that the company's actions "were a substantial factor in causing" Mrs. Kuciemba's illness and that Victory is liable for negligently failing to protect its employees from the virus and flouting the public health regulations in place at the time.

On appeal, we determined that this case involved questions of California tort law of significant public importance but with no controlling precedent. We certified two questions to the Supreme Court of California, which accepted the certification and issued a decision on July 6, 2023. In light of the court's definitive answer, we affirm the district court's dismissal.

## I.    BACKGROUND[1]

In March 2020, San Francisco issued a shelter-in-place order in response to the COVID-19 pandemic.  The city relaxed the restrictions two months later in a revised order (the "Health Order") allowing certain essential industries, including the construction industry, to reopen.  To limit the spread of COVID-19, the Health Order imposed stringent requirements on business operations, including a mandate to prepare and post a social distancing policy and to disinfect high-touch surfaces frequently.

While the Health Order was in place, Mr. Kuciemba began working for Victory, a furniture and construction company, at a jobsite in San Francisco.  About two months later, workers at a different Victory jobsite contracted COVID-19.  Instead of instructing the non-infected workers from the other jobsite to quarantine, Victory transferred them to Mr. Kuciemba's jobsite.  One of the transferred workers was infected at the time of the transfer, and Mr. Kuciemba was exposed to the virus.

In their personal lives, the Kuciembas adhered to the Health Order's directive, minimizing their exposure to others and leaving home only for essential purposes.  Their only exposure to other people came from Mr. Kuciemba's interactions with his co-workers, and they assert that Mr. Kuciemba was "most likely exposed to COVID-19" at work.  Mrs. Kuciemba began experiencing symptoms of COVID-19 about two weeks after Victory transferred the workers, and she eventually tested positive.  She developed severe

---

[1]The factual background is derived from the Kuciembas' First Amended Complaint.

respiratory symptoms and was hospitalized, requiring a respirator to breathe.

The Kuciembas sued Victory in Superior Court in California. They alleged that Victory's violations of federal, state, and municipal regulations and its failure to protect its employees from COVID-19 substantially caused Mrs. Kuciemba's severe infection. Mrs. Kuciemba brought claims for negligence, negligence per se, and premises liability, and Mr. Kuciemba brought a claim for loss of consortium. Victory removed the case to federal court and filed a motion to dismiss. The district court granted Victory's motion, holding that California's derivative injury doctrine barred the Kuciembas' claims and that an employer's duty to provide a safe workplace to employees does not extend to nonemployees sickened by a virus outside of the employer's premises.

## II.    ANALYSIS

Following briefing and argument, we concluded that no controlling precedent resolved whether the derivative injury doctrine barred Mrs. Kuciemba's claims and whether Victory owed Mrs. Kuciemba a duty of care. We further determined that a decision by the Supreme Court of California could control the outcome and that this appeal presents issues of significant importance for the State of California, including the scope of an employer's tort liability for the spread of COVID-19. We requested that the Supreme Court of California decide two certified questions:

1.  If an employee contracts COVID-19 at his workplace and brings the virus home to his spouse, does California's derivative injury doctrine bar the spouse's claim against the employer?

2.  Under California law, does an employer owe a duty to the households of its employees to exercise ordinary care to prevent the spread of COVID-19?

The Supreme Court of California granted our request and has now issued its decision.

As to the first question, the Supreme Court of California held that California's derivative injury doctrine—under which workers' compensation benefits generally "provide the exclusive remedy for third party claims if the asserted claims are 'collateral to or derivative of' the employee's workplace injury"—does not bar Mrs. Kuciemba's tort claims. *Kuciemba v. Victory Woodworks, Inc.*, No. S274191, 2023 WL 4360826, at *3–9 (Cal. July 6, 2023) (citations omitted). The court explained that most derivative injury claims seek recovery for losses sustained because of "a loved one's disability or death, rather than for the plaintiff's own [physical] injuries or death." *Id.* at *6. Mrs. Kuciemba's negligence claims, however, "are not legally or logically dependent" on an injury Mr. Kuciemba sustained at work. *Id.* at *9. The "'but for' causal link" between Mrs. Kuciemba's injury and Mr. Kuciemba's COVID-19 exposure is therefore "insufficient, on its own, to render the claims derivative." *Id.* Thus, the claims are not barred by the exclusivity provisions of the California Workers' Compensation Act. *Id.*

The Supreme Court of California held as to the second question that "[a]n employer does not owe a duty of care under California law to prevent the spread of COVID-19 to employees' household members." *Id.* at *21. The analysis of the court is detailed and bears reading with respect to California tort law. To begin, the court held that "the default rule of duty applies in the COVID-19 context as well where

plaintiffs have alleged that the defendant, through its own actions, created an unreasonable risk of the disease's transmission." *Id.* at *12.

Although California "Civil Code section 1714 articulates a general duty of care," compelling policy considerations can support exceptions. *Id.* at *13. The court pointed to *Rowland v. Christian*, 443 P.2d 561 (1968), as identifying "several considerations that may, on balance, justify a departure from Civil Code section 1714's default rule of duty." *Id.* Such considerations include, among others, the foreseeability of harm to the plaintiff, the moral blame attached to the defendant's conduct, the policy of preventing future harm, and the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach. *Id.* The court identified foreseeability as "the most important factor to consider in determining whether to create an exception to the general duty to exercise ordinary care" under section 1714. *Id.* at *14 (quoting *Kesner v. Superior Court*, 384 P.3d 283, 291 (Cal. 2016)). On this point, the court concluded that "it is plainly foreseeable that an employee who is exposed to the virus through his employer's negligence will pass the virus to a household member." *Id.* at *16. The court also concluded that the "moral blame factor weighs in favor of establishing a duty" primarily because Victory had greater access to knowledge and control to prevent the spread of COVID-19 on its premises than did the plaintiffs. *Id.* at *17.

Despite its conclusions with respect to foreseeability and moral blame, the court wrote that "while the foreseeability factors and the policy factor of moral blame largely tilt in favor of finding a duty of care, the policy factors of preventing future harm and the anticipated burdens on defendants and the community weigh against imposing such

a duty." *Id.* at \*20. Important to this analysis of the *Rowland* factors was the recognition that "[s]ome factors may be so weighty as to tip the balance one way or the other." *Id.* The court went on to conclude:

> Here, the significant and unpredictable burden that recognizing a duty of care would impose on California businesses, the court system, and the community at large counsels in favor of an exception to the general rule of Civil Code section 1714. Imposing on employers a tort duty to each employee's household members to prevent the spread of this highly transmissible virus would throw open the courthouse doors to a deluge of lawsuits that would be both hard to prove and difficult to cull early in the proceedings.

*Id.*

With these considerations in mind, the court concluded that "'the burden to the defendant and consequences to the community' weigh against imposing a duty of care" here. *Id.* at \*19. As a consequence, because Victory owed no duty to Mrs. Kuciemba, we affirm the district court's dismissal of the Kuciembas' First Amended Complaint.

**AFFIRMED**.